Nov. Term, 1840.

COMPARET
v.
BURR.

---

## COMPARET v. BURR.

Trover may be sustained for an instrument of writing as follows: " *Wabash* and *Erie* canal, *Aug.* 18, 1834. $399.02. Commissioners of the *Wabash* and *Erie* canal.—At sight, pay to *Daniel McGillicuddy* & *Co.,* or order, 399 dollars and 2 cents, for work done on section No. 7, feeder line, as per estimate of *J. L. Williams,* Engineer, bearing even date and number herewith. *D. Burr,* Commissioner of Contracts. To *J. B. Johnson,* Fund Commissioner of the Board." And the suit may be brought by an indorsee of the instrument.

ERROR to the *Allen* Circuit Court.

DEWEY, J.—*Comparet* sued *Burr* in trover. The declaration contains one count for the trover and conversion of three " drafts or bills of exchange," one of which is stated as follows: " *Wabash* and *Erie* canal, *Aug.* 18, 1834. $399. 02. Commissioners of the *Wabash* and *Erie* canal.—At sight, pay to *Daniel McGillicuddy* & *Co.,* or order, three hundred and ninety nine dollars and two cents, for work

Thursday, *November* 26.

done on section No. 7, feeder line, as per estimate of *J. L. Williams*, Engineer, bearing even date and number here-with. *D. Burr*, Commissioner of Contracts. To *J. B. Johnson*, Fund Commissioner of the Board." The second instrument is described to be like the first, except that it is stated to be drawn by *Burr* without naming the capacity in which he drew it, omitting the consideration for which it was given, and also the direction to *J. B. Johnson*. The third bill of exchange corresponds substantially with the first. All the instruments are averred to be transferred from *McGilli-cuddy* & *Co.* to the plaintiff by indorsement. General demurrer to the whole declaration sustained, and final judgment for the defendant.

The counsel for the defendant attempts to sustain the decision of the Circuit Court on three grounds.

1. That the instruments described in the declaration are not bills of exchange, because they are drawn, as he alleges, on a particular fund. Did the instruments purport on their face to be payable out of a particular fund, it is true, they would not be negotiable by the law-merchant, nor could they be declared on as *bills of exchange*, but it would by no means follow that they would be of no value. They would still be evidences of debt, and the subjects of trover and conversion. But the counsel is mistaken in point of fact. They are not limited to any particular fund; they leave the drawees at liberty to pay out of any fund they please.

2. That the instruments appear to be drawn by government agents, and that therefore no action will lie for their conversion. And *Jones* v. *Le Tombe*, 3 Dall. 384, is cited in support of this position. That case contains no such doctrine. It simply decides that a certain contract was entered into by a public agent officially in behalf of his government, and that, therefore, he was not himself personally liable upon it. One of the bills of exchange in the case before us is not described as being drawn by *Burr* in his official capacity, and if it were, it would make no difference. There is no reason why trover should not lie for an instrument which binds the good faith of government.

3. That the indorsee of these instruments cannot maintain the action, though the indorsers might, because they are not

negotiable by the law-merchant, nor by our statute.  But we <span style="float:right">Nov. Term,<br>1840.</span>
conceive they are negotiable by both; and that the declaration is sufficient.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

D. H. *Colerick* and W. H. *Coombs*, for the plaintiff.

H. *Cooper*, for the defendant.